UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61888-CIV-GOLD/GOODMAN

FIVE FIVE FIVE REALTY
HOLDINGS, INC., a Florida Corporation,

    Plaintiff,

v.

GLL BVK PROPERTIES, L.P.,
a Delaware Limited Partnership;
GLL BVK GENERAL PARTNER, INC.,
a Delaware Corporation, as General Partner,

    Defendants.
_____/

## ORDER ON DEFENDANTS' AMENDED BILL OF COSTS AND MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS

This matter is before the Court on an Amended Motion for Bill of Costs [DE# 110] and Motion for Attorney's Fees and Non-Taxable Costs [DE# 113] by Defendants GLL BVK GENERAL PARTNER, INC., GLL BVK PROPERTIES, L.P., and GLL REAL ESTATE PARTNERS, INC.  The motions were referred to the Undersigned by the Honorable Alan S. Gold [DE# 112, 114].  The parties consented to magistrate judge jurisdiction for attorney's fees and costs [DE# 24].

The Plaintiff did not file a response to the motions, however, the parties professionally conferred prior to their filing and Defendants articulated Plaintiff's positions in their respective memoranda.  The Court has reviewed the applicable filings and the law and is otherwise fully advised in the premises.

## **TAXABLE COSTS**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party." The Defendants are the prevailing party in this case based on the entry of Final Judgment in their favor [DE# 101]. The Defendants are therefore entitled to an award of all recoverable costs.

A court is limited to taxing only those costs specifically authorized by statute. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Specific costs which may be awarded are set forth in 28 U.S.C. § 1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under § 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

Trial courts are accorded substantial discretion in ascertaining taxable costs, but are limited to taxing only those costs specifically enumerated in 28 U.S.C. § 1920. *EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000).

Defendants request an award of costs for two items: a deposition transcript and copying expenses.

*Deposition Transcript*

The Defendants request $1,310.03 in costs incurred for the deposition transcript of Defendants' principal, Dietmar Georg. The Defendants have attached an invoice verifying this cost [DE# 110-1]. Plaintiff objects to Defendants' request for the deposition transcript cost because the transcript was not actually used in trial or in connection with a summary judgment motion [DE# 111].

Reimbursement for fees for printed or electronically recorded transcripts necessarily obtained for use in the case are taxable under 28 U.S.C. § 1920(2). "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Goodwall Const. Co. v. Beers Const. Co.,* 824 F.Supp. 1044, 1066 (N.D. Ga. 1992). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *EEOC*, 213 F.3d at 620-621 (quoting *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B 1981)). "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicate[s] both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses and that 'the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound [sic] of discovery.'" *EEOC*, 213 F.3d at 621 (quoting *Independence*

3

*Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 717 (N.D. Ill. 1982)) (citation omitted).

Plaintiff listed Georg as the first witness on its witness list [DE# 43]. Plaintiff also filed a notice designating Georg's deposition under Federal Rule of Civil Procedure 26(a)(3) "for use at trial in this matter" [DE# 70]. According to Defendants, they reasonably believed that Georg's deposition would be used in Plaintiff's summary judgment motion or needed at trial.

Plaintiff filed a motion for partial summary judgment on December 24, 2010 [DE# 65]. Defendants' invoice indicates that they ordered Georg's deposition on December 7, 2010, the day it was taken, and that the deposition was shipped to them on December 20, 2010 [110-1]. Even though Plaintiff ultimately did not rely on Georg's deposition in their summary judgment motion, the record supports Defendants' contention that they *reasonably believed* that Plaintiff would rely on the deposition, or that the deposition would be used at trial. In addition, binding precedent in this Circuit holds, at the very least, that costs of the depositions of witnesses on the losing party's witness list are presumptively reasonable. *See Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (quoting *EEOC*, 213 F.3d at 621). *But see Crandall v. City & County of Denver*, 594 F. Supp. 2d 1245, 1253 (D. Colo. 2009) (finding that categorical rules regarding taxation of deposition costs do not give "sufficient consideration to the 'necessarily obtained' language in § 1920").

4

Accordingly, the deposition transcripts were necessarily obtained for use in this case and Defendants will be awarded **$1,310.03** in deposition transcript costs.

*Copying Costs*

The Defendants also seek $219.00 in copying costs. Defendants have provided documentation for these costs [DE# 110-2]. Copying costs are taxable under 28 U.S.C. § 1920(4). Counsel for Plaintiff does not object to these costs. Therefore, the Court will award Defendants **$219.00** in copying costs.

## ATTORNEY'S FEES AND NON-TAXABLE COSTS

Defendants seek $1,782.80 in non-taxable costs and $81,391.75 in attorney's fees. Plaintiff agrees both that Defendants are entitled to an award for attorney's fee and non-taxable costs, and that the amount requested here is reasonable [DE# 113, at 4-5]. Plaintiff initially took the position that it was premature to decide this motion while Plaintiff's own motion for reconsideration was pending [See DE# 102]. However, on September 22, 2011, Judge Gold denied the motion for reconsideration [DE# 117]. Consequently, at this point Plaintiff has no standing objection to awarding the full amount of attorney's fees and non-taxable costs requested by Defendants. Accordingly, the Court will award Defendants **$83,174.55**, the full amount of attorney's fees and non-taxable costs requested.

## CONCLUSION

In consideration of the foregoing, the Court grants Defendants' amended motion for Bill of Costs and motion for Attorney's Fees and Non-Taxable Costs.

Defendants GLL BVK GENERAL PARTNER, INC., GLL BVK PROPERTIES, L.P., and GLL REAL ESTATE PARTNERS, INC are awarded **$1,529.03** in taxable costs and **$83,174.55** in attorney's fees and non-taxable costs, for a total judgment of **$84,703.58** against Plaintiff FIVE FIVE FIVE REALTY HOLDINGS, INC., **for which sum let execution issue**.  The Court will <u>not</u> enter a separate judgment for attorney's fees and costs.  *See* Fed. R. Civ. P. 58(a)(3).

ORDERED AND ADJUDGED in Chambers, at Miami, Florida, this 23rd day of September, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE